Dear Ms. Godfrey:
This office is in receipt of your recent correspondence, requesting our assistance regarding the following inquiry: May a parish employee run for and hold the elective office of school board member? Our response is in the affirmative.
The Louisiana Dual-Officeholding and Dual Employment Laws, R.S.42:61 et seq., are controlling. The provision of law applicable to this matter is R.S. 42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . (Emphasis added).
R.S. 42:63(D) prohibits an elected officer of a political subdivision of the state from holding employment in the same political subdivision. As the parish employment and the municipal elected office of school board member fall within separate political subdivisions as defined in R.S.42:62(9), the prohibition is inapplicable.[1]
In accord are Attorney General Opinion's 86-79, 02-0086, 89-563, and 81-327, copies attached.
In further response, note that the law does not prohibit a parish employee from seeking a local or statewide public office while remaining in his employment. However, this office has determined that a parish ordinance which requires an employee to take a leave of absence to run for political office is a valid exercise of authority by the local governing body. See Attorney General Opinion 99-316, copy enclosed. Absent such a policy, the employee is not required to take a leave of absence, but he must campaign during his off-duty hours. Finally, our conclusion is predicated on the assumption that no civil service rules are applicable which would prohibit the foregoing.
We trust our legal opinion is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(9) provides:
(9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
OPINION NUMBER 86-79
April 3, 1986
78 — OFFICERS DUAL OFFICEHOLDING
Full-time parish employee may concurrently hold position as school board member.
R.S. 42:63D
Hon. Stephen C. Braud First Assistant District Attorney Plaquemines Parish Commission Council Department of Law and Natural Resources 350 Belle Chasse Highway South Belle Chasse, LOUISIANA 70037